JAMES THOMPSON'S ADMR. *v.* R. C. HARRIS.

**Ordinary Action — Transfer to Equity — Trial of Issue.**

Where appellant in error has an original action brought in ordinary transferred on motion to the equity docket, over the objection of appellee, he cannot complain of the lack of nor demand a trial of the issue of fact by a jury, it being within the discretion of the chancellor to remand a cause to a jury, and to accept or reject the findings of such jury according to the dictates of his conscience.

**Warranty, Breach of.**

A. sells B. personal property (slave) and warrants same sound and in good condition. All of the purchase money, except some $76, was paid, which amount was closed up by note some six months after the sale. On suit to enforce payment of note, defense was set up that the slave was laboring under an hereditary taint of tubercular consumption, but was shown not to have been developed at the time of the sale. *Held,* not to be such a breach of warranty as to justify a verdict for damages.

APPEALED FROM LINCOLN CIRCUIT COURT.

December 10, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

In September, 1858, appellee sold to appellant's intestate a slave Nancy and her two children for the price of $1,300, warranting the soundness of Nancy and one of the children in body and mind.

All of the purchase price having been paid except $76.66 on the 5th of April, 1859, the intestate executed his note for that sum, to enforce the collection of which this action was brought, in the lifetime of the obligor, who made defense thereto, and in his original answer alleged that the woman Nancy, at the time of the sale and warranty, was unsound with syphilis, and subsequently he filed an amended answer in which he alleged that she had died of tubercular consumption, and by his cross-action claimed judgment for $1,000 over against appellee, her estimated value, for the breach of the warranty. Judgment was rendered by the court below for the amount of the note, and the cross-petition dismissed, from which this appeal is prosecuted.

Two grounds are relied upon for reversal:

1. That the issues of fact presented by the pleadings were not tried by a jury.

And 2. That, from the evidence, appellant should have recovered judgment for the estimated value of Nancy.

These objections will be disposed of in the order in which they are presented.

1. The record shows that the original action was brought in ordinary and was transferred to the equity docket on the motion of appellant, notwithstanding appellee opposed the transfer.

If this transfer had not been made the parties certainly would have had the right to have the issues of fact tried by a jury; but after the transfer was made, that right was waived or lost; the chancellor might, as he seems to have done, ordered those issues out of chancery to be tried by a jury, but even if such trial had actually taken place and a verdict had been rendered, such verdict would not have been binding on the conscience of the chancellor, and he might have disregarded it. If, then, he was not bound by the verdict, he could dispense with the trial by jury, and his failure to carry out the order was in effect a cancelment thereof which he had the right to do, and having done so, in effect, it is no cause for reversal.

2. Upon the second ground, we remark that a careful examination of the evidence in the case has failed to convince us that Nancy was diseased at the time of the sale.

Her appearance then, as nearly all the witnesses who saw her prove, indicated that she was in the enjoyment of good, if not robust, health. No physician had been then called to see her, and six months after the sale appellee's intestate executed the note sued on for residue of the price, without objection or complaint of the slaves in any way; indeed, he expressed himself satisfied with them. And even if, as some of the physicians think, Nancy was laboring under an hereditary taint of tubercular consumption at the time of the sale, it was then not developed, and undeveloped as it was we cannot judicially decide that Nancy was unsound when sold and delivered to the intestate. Fry's Exr. v. Throckmorton, 2 B. Mon. 450.

Wherefore, the judgment is affirmed with damages.

*Harlan & Harlan, for appellant.*

*A. J. James, for appellee.*